## HATCH, Exrx v
## BUCKEYE STATE BLDG & LOAN CO et

Probate Court, Franklin County

No 68683.   Decided June 4, 1934

Joseph A. Shearer, Columbus, for plaintiff.

Sater & Sater, Columbus, for H. Edward Tipton, Carrie A. Remaly, Chas. C. Tipton, and Ethel Bellomy, Defendants.

## OPINION

By McCLELLAND, J.

The record in this case discloses that on October 13, 1933 the plaintiff filed her peti-

tion in this court against The Buckeye State Building & Loan Company and other defendants, asking for the sale of certain real estate. This petition is filed by her as executrix, and, after alleging therein that the personal property was insufficient to pay the debts, states that it is necessary to sell the real estate of the decedent in order to pay same.

She alleges that the decedent was the owner of the entire interest in four different tracts, and then also alleges that the decedent was owner of an undivided interest in tracts 5, 6 and 7, described in the petition; and sets forth that Edward Tipton, Carrie A. Remaly, Charles C. Tipton and Ethel Bellomy are the other co-tenants owning the other undivided interests in the tracts described as 5, 6 and 7. The plaintiff also asks that the entire property be sold, including the interests of the co-tenants in the last three tracts described.

To this petition, the co-tenants, by their respective counsel, have filed their demurrers setting forth that the court has no jurisdiction of the person of the defendants, and that the court has no jurisdiction of the subject matter of the action, for the reason that the section of Probate Code, under and by virtue of which the action is brought is unconstitutional and is in violation of **Article 1, §19** and **Article 2, §18 of the Ohio Constitution** and Amendment 14 of the Federal Constitution; the substance of the demurrer being that the provision of the statute objected to provides that the property of the demurrants is taken without due process of law.

It will be noted that this action is brought under §10510-10 GC, and is a part of what is known as the new Probate Code, which became effective on January 1, 1932.

**Sec 10510-10 GC** is in words as follows:

"When the interest of the decedent or ward in the real estate is fractional and undivided, the action shall include only such undivided fractional interest, except that (a) the executor, administrator or guardian, or (b) the owner or owners of any other fractional interest, or (c) any lien holder, may, by pleading duly filed in the cause, setting forth all interests in the property and liens thereon, require that the action include the entire interest in the property, and the owner or owners of said interest and liens shall receive their respective share or shares of the proceeds of sale after payment has been made of the costs and expenses of sale. The fees of the executor, administrator or guardian and of his attorney shall be a charge, as pro-

vided by law, only against such portion of the proceeds of sale as represents the interest of the decedent or ward."

**Article 4, §8 of the Constitution of Ohio,** contains the following provisions:

"The Probate Court shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the acounts of executors, administrators and guardians, and such jurisdiction in habeas corpus, the issuing of marriage licenses, and for the sale of land by executors, administrators and guardians, and such other jurisdiction, in any county, or counties, as may be provided by law."

It is quite apparent without looking any further, that the Probate Court has the capacity to receive any jurisdiction which the Legislature may give it, providing it is within the constitutional limits. This position is supported by the decision of Judge Minshall, in **Railroad Co. v O'Harra**, reported in **48 Oh St 343**. Also §10501-53 GC of the Probate Code defines the jurisdiction of the court, and contains in the last paragraph thereof the following language:

"The Probate Court shall have plenary power at law and in equity fully to dispose of any matter properly before the court. unless the power is expressly otherwise limited or denied by statute."

It is quite apparent therefore that the Legislature was entirely within its power under the Constitution of Ohio, in passing the two statutes hereinbefore set forth.

The objection however, is, that provision §10510-10 GC provides for the taking of a person's property without due process of law, and raising the particular objection that it does not provide for the remedies which are included in a partition proceeding.

"The right of property is a fundamental right, the protection of which is one of the most important objects of government. The constitutional provisions prohibiting the deprivation of property without due process of law obviously constitute a recognition of this principle. The term "property" is of the largest import, and embraces every mode in which it may be applied to public use, and extends to every species of valuable right and interest, and includes real and personal property, easements, franchises, and incorporeal hereditaments. It is an elementary principle that "property"

consists of the free use, enjoyment, and disposal of all one's acquisitions without any control or diminution, save by the laws of the land. Thus, rights of property vested under the common law cannot be taken away without due process."

**8th Ohio Jurisprudence, Constitutional Law, Page 587, and authorities therein cited.**

"It is a fundamental principle of law that an individual may not acquire a vested right in a remedy or any part of it. A party has no vested right in the forms of administering justice, that precludes the legislature from altering or modifying them and better adapting them to affect their great ends and objects. Laws curing defects, which would otherwise operate to frustrate what must be presumed to be the desire of the party affected, cannot be considered as taking away vested rights. Courts do not regard rights as vested contrary to the equity and justice of the case.

The rule that there can be no vested right in a remedy is variously applied. It is declared that impaneling a jury is part of the procedure by which the machinery of justice moves. It relates only to the method by which the remedy is administered. By changing it, the right of a party to sue or defend is not affected. His substantial rights are not changed. A statutory provision extending the time for refiling a chattel mortgage was held not to be an impairment of vested rights. The creditors were deemed to have, at most, a remote and speculative interest."

**8th Ohio Jurisprudence, Constitutional Law, Article 406, and other authorities therein cited.**

In the present case, the plaintiff and the defendants are tenants in common in the last three tracts of land described in the petition.

In order that we may arrive at a proper conclusion in this matter, it will be necessary to determine what property, if any, is taken away from the co-tenants by a proceeding under the statute under investigation. The interest of a co-tenant in real property is an undivided interest, and his interest permeates to every particle of that physical property. One of the recognized rights of a co-tenant is the right to enjoy his interest in severalty. Up until the time of the passage of the present law, the only remedy by which that right might be exercised, was by a proceeding in partition. It seems that the defendants in this case are objecting because of the fact that the law under investigation, and under which this proceeding is brought does not give them the breadth of remedy which the partition remedy gives them.

"The object of partition proceedings is to enable those who own property as joint tenants, or co-parceners or tenants in common, to put an end to the tenancy so as to vest in each a sole estate in specific property or an allotment of the lands or tenements. It contemplates an absolute severance of the individual interests of each joint owner, and, after partition, each has the right to enjoy his estate without supervision, let, or hindrance from the other. Unless this can be accomplished, then the joint estate ought to be sold, and the proceeds divided. Courts should be, and are, adverse to any rule which will compel unwilling persons to use their property in common. The rule of the civil as of the common law, that no one should be compelled to hold property in common with another, grew out of a purpose to prevent strife and disagreement. And additional reasons are found in the more modern policy of facilitating the transmission of titles, and in the inconvenience of joint holding. The early remedy was limited in its scope, but has been developed until, as has been said, practically the right of partition exists without regard to its difficulties."

20 R.C.L., Partition, §2 and the authorities there quoted.

"The right of partition has ever been an incident to such estates, and is based on the right, which each tenant in common has, to hold and enjoy his interest in severalty. Laws in relation to partition are purely remedial, and are used solely for the purpose of putting part owners into possession in severalty in accordance with their respective rights, unless such possession be impracticable, in which case a sale is ordered to the end that the proceeds, in lieu of the property itself, may be aparted among the owners. This is allowed for the reason that separate enjoyment by each of his own can not be otherwise affected."

**Gilpin and wife v William et, 25 Oh St 298.**

The last case above named has been cited to us in support of the claims of the defendants. Upon the reading of that case, we find that certain property interests were found by the court to be vested property interests and the court held that no legislation could be passed which would divest the interests of those owners except by due process of law. The court held that the

remedy discussed therein was retroactive and therefore was not available to the plaintiff in that case.

From the reading of the above citation and the authorities therein quoted, it is quite apparent that the author, and the cases cited by the author, consider partition to be a remedy only and not a substantive right. A partition is a proceeding, remedial in its nature, by which a co-tenant may enjoy his property in severalty.

It will be noted also, setting off a co-tenant's interest by metes and bounds is only on an alternative rather than a primary remedy. The only manner in which a co-tenant may receive a mathematical calculation and distribution of his interest in the property is by a sale and division of the proceeds of the sale. As a matter of expediency, the law has provided that if the interests of the several co-tenants can be set off in severalty by metes and bounds, without manifest injury to the value or to the interest of any co-tenant, then that should be done. But it is quite apparent that the primary right of a co-tenant is his right to a mathematical calculation of his interests and his recovery thereof.

Sec 10510-10 GC provides for this specific remedy. It provides for the sale of the entire property in which the co-tenants have an interest, and the proceeds of the sale thereof divided in proportion to the respective interests of the co-tenants. The remedy provided by this statute is not as broad as the remedy of partition. The statute does not provide for an appraisement of the interests of the other co-tenants, nor for appraisement of the property as an entirety. Neither does it provide for the appointment of commissioners to divide the property by metes and bounds if practicable to do so. But this statute is an entirely different statute from the one providing for partition. The new statute simply provides for an additional remedy on the part of a co-tenant where one co-tenant has died and his interest is subject to a sale by his personal representative or his executor. The legislature, in passing the statute, had in mind a remedy available to an executor or a personal representative of a deceased person, where the deceased owned an undivided interest in real estate whether as a co-parcener or co-tenant, and thereby precluded the necessity of submitting the deceased's interests to the disadvantage of a sale of the undivided interest only.

It is apparent that the undivided interest in real estate in most instances will not bring at public sale a price equal to his portion of the sale price of the entire property; and it was this disadvantage which the legislature wished to remove on the part of the fiduciary. The application of this statute of course submits the interest of all co-tenants to a sale, even though they might be unwilling to have their interests sold. Yet it does not deprive them of the right to protect their interests.

There is nothing to prevent a co-tenant from bidding at the sale as provided in this statute and thereby protect his interests. Should the interests of the deceased be sold as provided under the old statute, the purchaser then could submit all of the other co-tenants to a suit in partition and he would thereby lose nothing whatsoever that he has not lost under the present statute, except, that he has not been given the right to have his interests set off in severalty. But this right of course is a remedial right and the absence of this provision in the statute under investigation, gives him no legitimate cause for complaint.

The present statute does not provide for an appraisement of the entire property, nor does it provide for commissioners to make a division thereof by metes and bounds. Yet under the last paragraph of §10501-53, GC, there is a provision by which the court may provide for the necessary steps to carry out the intent of the statute. The statute provides that the propery shall be sold, and it is the opinion of the court that the court, on its own motion, could and should have the entire property appraised and sold under the appraisement and the proceeds of the sale divided; and, inasmuch as the fiduciary is ordered to make the sale, it is entirely within the province of the court to order the fiduciary to give a deed conveying the property to the purchaser.

Objection however is made that a fiduciary cannot give a deed for a greater interest than that possessed by his decedent, but the fiduciary in this case, as in all other cases, is an agent of the court, and in our opinion would be empowered upon the court's order to execute and deliver a deed to the purchaser. But if that should not be possible, it is our opinion that the court itself could execute a deed conveying the property as fully as to all intents and purposes as the sheriff could the title upon a sale in partition.

In support of our opinion in this respect we refer to a discussion thereof in **24 Ohio Jurisprudence, at page 9**, where we find the following language:

"It may, however, be defined as a sale made by a court of competent jurisdiction

in a pending proceeding by an officer authorized by law for that purpose. (**Weir v Snyder Saw Mill Co., 88 Oh St 424**), the court being the vendor, while the officer appointed to sell acts as a mere ministerial agent, (16 R.C.L. page 6). A judicial sale has also been defined as a sale by authority of some competent tribunal, by an officer authorized by law for the purpose. The term includes sales by sheriffs, marshalls, masters, commissioners, or by trustees, executors or administrators, where the latter sell under the decree of a court. (1 Bouvier's Law Dict. page 1754). A distinguishing feature of a judicial sale * * * is that it must be confirmed by the court before it will be complete."

We also find support for the above proposition in the case of **Doney v Clark, Admr.,** reported in **55 Oh St at page 294.** In the body of that opinion at page 302, we find the following language:

"Nor can it be doubted that the powers of executors and administrators are such only as may be conferred upon them by statute. This, however, does not forbid the application to remedial statutes conferring such power of the familiar rule that to the extent which their language will permit, statutes of that character are to receive such construction as will accomplish the apparent object of the legislature."

We therefore must conclude that the statute under investigation does not deprive a co-tenant of any rights now existing, does not impair the right of partition in any manner whatsoever, and does provide for an additional remedy not heretofore available to an executor or personal representative, when the decedent was a co-tenant or co-parcener, and also expands the right of a co-tenant or co-parcener when a co-parcener has deceased, and his interest is subject to a sale for the payment of his debts. It is a remedy by which the interests of the deceased may not be subjected to a disadvantageous sale, and by which his personal representative may not be compelled to submit to the delay incident to a partition suit in the Court of Common Pleas.

Inasmuch as the present proceeding has been instituted since the effective date of the present statute, and also inasmuch as the statute is purely remedial, we may dismiss without any further discussion the objection that the statute is retroactive.

We feel that the statute is not in violation of any provision of the Constitution of the State of Ohio, or the Constitution of the United States, and for that reason the demurrers are overruled and an order may be drawn accordingly.